UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUIS CASTRO,
    Plaintiff,

    v.                                   Civil Action No. 11-11955-NMG

US BANCORP,
    Defendant.

MEMORANDUM AND ORDER FOR DISMISSAL

GORTON, D.J.

On November 2, 2011, Plaintiff Luis Castro ("Castro") filed this civil Complaint against Defendant USBancorp seeking to have his co-signor released from his mortgage loan documents.

On December 16, 2011, this Court issued a Memorandum and Order (Docket No. 4) denying Castro's Motion for Leave to Proceed *in forma pauperis*, and directing him to pay the $350.00 filing fee within 21 days. Additionally, this Court directed Castro to demonstrate good cause in writing within 35 days why this case should not be dismissed for the reasons stated therein.

On January 10, 2012, Castro paid the $350.00 filing fee as directed. Thereafter, on January 19, 2012, Castro filed a skeletal Response (Docket No. 5). In that Response, Castro asks this Court not to dismiss this action, but to let the Defendant be served in order to find out what can be done to remove the co-signor from the mortgage documents.

DISCUSSION

This Court deems that Castro's Show Cause Response (Docket No. 5) is insufficient to address the legal impediments discussed in the Memorandum and Order (Docket No. 4). Specifically, Castro fails to set forth a plausible claim upon which relief may be granted. As noted previously, Castro's allegation that the Defendant refuses to release the co-signor from his loan, to her detriment, and that she should be released because he has made all the payments on the loan and will continue to do so, simply is not enough to state a claim upon which relief may

be granted. Castro provides no legal authority of any kind, nor can this Court discern any on this record, to set forth a plausible claim as required under Rule 8 of the Federal Rules of Civil Procedure. While Castro indicates in his Response that he is interested in pursuing discovery that might give him some avenues to pursue to obtain the co-signor's release from the loan documents, suit in this Court is not the format in which to do so.

Further, absent a cognizable claim, this Court cannot find that Castro has demonstrated that this Court has subject matter jurisdiction over this action either pursuant to 28 U.S.C. § 1331 or § 1332. Moreover, Castro has put forth no facts from which this Court reasonably could infer that the amount in controversy exceeds $75,000.00 for diversity purposes.

Finally, Castro's Response fails to address the issue raised by this Court that he may not represent the interests of another party, such as the co-signor, because he is not a licensed attorney.

For all of the reasons set forth above, it would be immensely unfair to the Defendant for this Court to permit this action to proceed at this time, and to require the Defendant to expend its time and financial resources in defending this action.

## CONCLUSION

Accordingly, for the substantive reasons set forth in the Memorandum and Order (Docket No. 4) discussing the legal impediments to Castro's claims, and for the failure of Castro to comply with this Court's directives to demonstrate good cause why this case should not be dismissed, it is hereby Ordered that the above-captioned matter is DISMISSED in its entirety.

SO ORDERED.                    /s/ Nathaniel M. Gorton
                               NATHANIEL M. GORTON
                               UNITED STATES DISTRICT JUDGE
DATED: February 2, 2012